UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ASA HITESMAN,<br><br>Defendant. | Case No. 14-CR-00010-LHK-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DNA EXPERT TESTIMONY**<br><br>Re: Dkt. No. 112 |

Defendant Daniel Hitesman ("Defendant") has been charged with committing attempted bank robbery in violation of 18 U.S.C. § 2113(a). A jury trial is set to begin on July 22, 2016, at 9:00 a.m. On July 21, 2016, at noon, Defendant filed a motion in limine seeking to exclude testimony from Lynne Burley, the Government's proposed DNA expert. ECF No. 112 ("Mot."). On July 21, 2016, at 8:00 p.m., the Government filed a response. ECF No. 116 ("Opp'n").

Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion in limine.

**I.   LEGAL STANDARD**

"Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, *1

1

1  (D. Mont. Oct. 26, 2010). A district court's evidentiary rulings, including its rulings on motions in limine, are "reviewed for an abuse of discretion and should not be reversed absent some prejudice." *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir. 1997).

## II.   DISCUSSION

On July 23, 2013, the date of the attempted bank robbery, officers from the Santa Clara County Sheriff's Department suspected that the perpetrator left the scene in a taxi cab. Consequently, the Sheriff's Department "located the alleged taxi cab and was able to swab interior and exterior passenger doors of the cab for DNA." Mot. at 2. Officers also swabbed the bank counter where the attempted robbery occurred. These swabs were sent to the Santa Clara County Crime Laboratory for analysis.

As noted above, jury selection will begin at 9:00 a.m. on Friday, July 22, 2016. On July 20, 2016, the Government produced the following documents to Defendant for the first time: (1) an "Evidence Return Notification" which stated that "[n]o examinations were performed [on the swabbed DNA] due to the nature of the evidence"; (2) an email from Lynne Burley ("Burley"), from the Santa Clara County Crime Laboratory, explaining why no DNA examinations were performed; and (3) a copy of Santa Clara County Crime Laboratory's "DNA Submission Guidelines." ECF No. 112-1 at 2. In addition, the Government stated its intent to call Burley as a witness for the first time on July 20, 2016.

Defendant contends, and the Government does not dispute, that the Government first obtained the above documents on July 20, 2016. The Government made these late productions and disclosure to Defendant despite the fact that the crime at issue took place on July 23, 2013. The Santa Clara County Crime Laboratory completed its evidence analysis on September 11, 2013. A federal grand jury returned an indictment charging Defendant with attempted bank robbery on January 8, 2014. The parties filed initial exhibit and witness lists on June 22, 2016, and none of these lists refer to Burley or DNA evidence.

In addition, the Court has ruled on numerous pretrial motions, including 21 motions in limine filed by the parties in advance of the June 29, 2016 final pretrial conference. ECF Nos. 92

& 93. The parties did not refer to Burley or DNA evidence in any of these 21 motions. Notably, however, in one of the Government's motions in limine, the Government requested that Defendant be precluded from making "negative inference" arguments, which could include arguments related to the lack of DNA evidence related to Defendant. The Court denied the Government's motion, and held that "Defendant may point to the Government's lack of evidence to argue that the Government has failed to carry its burden." ECF No. 92 at 13.

Finally, on July 5, 2016—after the Court's ruling on the parties' motions in limine—the parties submitted their joint list of attorneys, paralegals, secretaries, investigators, law firms, and legal entities involved in this action. ECF No. 96. This list also did not include Burley.

In sum, the Government has, prior to July 20, 2016, not stated that it intended to produce DNA evidence, that it intended to introduce DNA evidence at trial, or that it intended to call Burley at trial. The Government's decision to change track and produce DNA evidence to Defendant on July 20, 2016—two days prior to the start of trial—would be unfairly prejudicial to Defendant's ability to prepare for trial even if the Government only uses this DNA evidence in rebuttal.

Indeed, as Defendant notes, "[i]n order to address this scientific evidence at trial," Defendant's counsel "would need to retain and consult with experts in the field for purposes of preparation, cross examination, and presentation of countering scientific evidence." Mot. at 4. The trial will not be continued and, as such, Defendant will be unable to adequately prepare a response to the Government's DNA evidence.

Federal Rule of Evidence 403 allows courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. For the reasons stated above, the Court finds that the probative value of the DNA evidence at issue is substantially outweighed by the danger of unfair prejudice to Defendant. As such, Defendant's motion in limine to exclude Burley as an expert witness is GRANTED.

**IT IS SO ORDERED.**

Dated: July 21, 2016.

_____
LUCY H. KOH
United States District Judge